**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KENNETH I. DELMAN,

        Plaintiff,

vs.

DAVID A. DELMAN,

        Defendant.

Case No.: 2:19-cv-00302-GMN-DJA

**ORDER**

Pending before the Court is Defendant David A. Delman's ("Defendant's") Response, (ECF No. 21), to the Court's Order to Show Cause, (ECF No. 8), regarding why this Court should not remand the case for lack of subject matter jurisdiction. Plaintiff Kenneth I. Delman ("Plaintiff") also filed a Response, (ECF No. 24), to the Order.

Also pending before the Court is Plaintiff's Motion for Preliminary Injunction, (ECF No. 26). Defendant filed a Response, (ECF No. 27), and Plaintiff filed a Reply, (ECF No. 28).

Also pending before the Court is Plaintiff's Motion for Instructions, or, Alternatively, to Ratify Accounting, (ECF No. 31). Defendant's response deadline has not yet passed.

For the reasons discussed below, the Court **REMANDS** the case to Clark County District Court. The Court **DENIES as moot** Plaintiff's Motion for Preliminary Injunction and Motion for Instructions.

**I.**     **BACKGROUND**

This case arises from the administration of the Tilly Delman Revocable Living Trust Agreement (the "Trust"). (*See* Pet. Assume Jurisdiction ("Trust Pet."), Ex. A to Pet. Removal, ECF No. 1-1). Tilly Delman ("Grantor") created the Trust during her life, and the Trust named Louis Delman ("Louis") and Plaintiff as successor trustees. (*Id.* ¶¶ 1–2). Louis predeceased Grantor, and Grantor thereafter amended the Trust to name Plaintiff the successor trustee; and

later, through subsequent amendment, co-trustee. (*Id.* ¶¶ 3–4).  Grantor passed away on April 12, 2018, leaving Plaintiff as the Trust's sole trustee. (*Id.* ¶¶ 5–6).

Plaintiff, a Nevada resident, petitioned the Eighth Judicial District Court of the State of Nevada for the County of Clark to administer the distribution of the trust *res*. (*See generally* Trust Pet.).  Defendant, a Trust beneficiary and Florida citizen, has prevented distribution of the Trust's assets by withholding his Beneficiary Waiver and Release. (*Id.* ¶ 8).  Plaintiff commenced this action as a non-adversarial proceeding in Nevada state court by filing a petition that requests the court to assume jurisdiction over the Trust, confirm Plaintiff as trustee, and grant Plaintiff declaratory relief that he may distribute the assets as set forth in the Trust. (*Id.* 7:6–9:8).  Defendant removed the action to this Court. (Pet. Removal, ECF No. 1).

## II.  **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441.  "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000.00. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

## III. DISCUSSION

Defendant argues that this Court may properly exercise diversity jurisdiction over the case. (Def.'s Resp. to Order Show Cause 4:24–9:18, ECF No. 21). The Court concludes that the probate exception vests exclusive jurisdiction over the proceedings with the state court.

Generally, federal courts sitting in diversity have subject matter jurisdiction over civil actions between citizens of different states when over $75,000 is in controversy. 28 U.S.C. § 1332. However, there is a longstanding "probate exception" to federal diversity jurisdiction. *See Markham v. Allen*, 326 U.S. 490, 494–95 (1946). The probate exception derives from the Judiciary Act of 1789, which extended the federal courts' diversity jurisdiction to "all suits of civil nature at common law or in equity." *See Ankenbrandt v. Richards*, 504 U.S. 689, 698–99 (1992) (extending the probate exception to the Judiciary Act of 1948). "[E]quity jurisdiction conferred by the Judiciary Act of 1789 . . . did not extend to probate matters." *Markham*, 326 U.S. at 494. Nevertheless, the probate exception is narrow. *Marshall v. Marshall*, 547 U.S. 293, 311 (2006). For example, the exception does not remove federal jurisdiction over, "suits to determine the rights of creditors, legatees, heirs, and other claimants against a decedent's estate . . . ." *Id.* In contrast, pure matters of estate administration are left to state courts because "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Id.* Therefore, the probate exception "precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.*

1    Nevada law and the probate exception prevent this Court from exercising jurisdiction
over the case. Nevada law provides, "[u]pon petition of any person appointed as trustee of an
express trust . . . the district court of the county in which any trustee resides . . . shall assume
jurisdiction of the trust as a proceeding in rem . . . ." NRS § 164.010(1). Consequently, the
court "[h]as jurisdiction of the trust as a proceeding in rem as of the date of the filing of the
petition." NRS § 164.010(5)(a). Once the trustee files the petition, the state court has
"exclusive jurisdiction of [the] proceedings . . . ." NRS § 164.015(1).

Plaintiff filed his petition in Nevada state court. (Trust Pet., Ex. A to Pet. Removal, ECF No. 1-1). By operation of law, the court assumed *in rem* jurisdiction over the trust *res*. *See* NRS § 164.010(1) and (5)(a). The probate exception prohibits a federal court from exercising jurisdiction over the distribution of a *res* once a state court has already assumed jurisdiction over the same. *Marshall*, 547 U.S. at 311. Thus, because Plaintiff's petition commences a proceeding *in rem* that seeks to distribute the assets of the Trust (the trust *res*), and the state court already has jurisdiction over the trust *res* by operation of law, this Court may not exercise jurisdiction over the case. The Court must therefore order remand.

//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Court **REMANDS** the case to the Eighth Judicial District Court of the State of Nevada for the County of Clark.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction, (ECF No. 26), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Instructions, (ECF No. 31), is **DENIED as moot**.

**DATED** this  20    day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court